Filed 10/2/20  P. v. Duncan CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMAAL LAMONT DUNCAN,<br><br>    Defendant and Appellant. | B301367<br><br>Los Angeles County<br>Super. Ct. No. TA060230 |

APPEAL from an order of the Superior Court of Los Angeles County, H. Clay Jacke II, Judge.  Affirmed.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2002 a jury convicted defendant and appellant Jamaal Lamont Duncan of the second degree murder of Gregory Davenport. The jury found true an allegation that Duncan personally and intentionally discharged a firearm causing Davenport's death within the meaning of Penal Code section 12022.53, subdivision (d).[1] We affirmed Duncan's conviction in 2004. (*People v. Duncan* (Apr. 15, 2004, B160379) [nonpub. opn.] (*Duncan I*).)[2]

After Senate Bill No. 1437 (SB 1437) took effect, Duncan filed on June 18, 2019 a petition for resentencing under section 1170.95. On a downloadable form, Duncan checked boxes 1, 2a, 3, 4, and 6. Box 2a states, "At trial, I was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine."

On August 9, 2019, the trial court summarily denied Duncan's petition. The court stated,

> "The petition is summarily denied because the petitioner is not entitled to relief as a matter of law, for the following reasons: [¶] The petitioner was convicted of murder but the court file reflects that the petitioner was the actual killer and was not convicted under a theory of felony-murder of any degree, or a theory of natural and probable consequences. [¶] The appellate opinion affirming the petitioner's conviction and sentence reflects that the petitioner was the actual killer and

---

[1]    References to statutes are to the Penal Code.

[2]    On our own motion, we take judicial notice of our opinion in Duncan's direct appeal from the judgment of conviction. (Evid. Code, §§ 452, subd. (d), 459.)

was convicted of murder on a theory of being the direct perpetrator and not on a theory of felony murder of any degree, or a theory of natural and probable consequences."

Duncan appealed and we appointed counsel to represent him. After examining the record, counsel filed an opening brief raising no issues and asking this court independently to review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). On May 29, 2020, we sent a notice to Duncan that his counsel had been unable to find any arguable issues and had filed a *Wende* brief. We instructed counsel to send the record on appeal to Duncan, together with a copy of the opening brief. Our notice advised Duncan that he could file a supplemental brief or letter within 30 days. We have received no supplemental brief or letter from Duncan.

SB 1437 " 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who was not the actual killer . . . .' " (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, quoting Stats. 2018, ch. 1015, § 1, subd. (f); Pen. Code, § 189, subd. (e)(1).) Here, however, Duncan *was* the actual killer.

As we discussed in our opinion affirming Duncan's conviction, one early morning in December 2000 a witness heard a commotion. She went outside and looked over the fence into her neighbor's yard. She saw one man lying on the stoop of the neighbor's house and another man standing over him pointing a gun. The standing man said, "I told you, man, this is for love. This is for love." He then shot the man on the ground. The witness called 911. (*Duncan I.*)

Police found four expended shell casings and two live rounds at the scene. All of the casings and rounds were

.40 caliber and could have been fired from the same weapon. Five days later police found Duncan hiding under a dumpster lid in an alley with a .40-caliber semiautomatic Glock pistol next to him. In a written statement, Duncan said he'd had that gun "for a couple of weeks." Ballistics testing showed the expended shell casings found at the scene of the shooting came from Duncan's gun. A cell phone found at the scene belonged to Duncan's mother. (*Duncan I.*)

As Davenport's actual killer, Duncan is not eligible for resentencing under section 1170.95. (See §§ 189, subd. (e)(1), 190.2, subds. (b), (c), (d); *People v. Cornelius* (2020) 44 Cal.App.5th 54, review granted Mar. 18, 2020, S260410 [affirming summary denial of resentencing petition where petitioner was the actual killer who discharged a firearm causing death]; *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899, review granted Aug. 12, 2020, S263219.) Nothing in the record supports Duncan's allegation that he was convicted under the felony murder rule or the natural and probable consequences doctrine. (See *People v. Edwards* (2020) 48 Cal.App.5th 666, 669, 674, review granted July 8, 2020, S262481 [affirming summary denial of resentencing petition where petitioner was the actual killer and was not tried or convicted based on felony-murder theory or aiding and abetting under the natural and probable consequences doctrine].)

We are satisfied that Duncan's counsel has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *Wende, supra*, 25 Cal.3d at pp. 441-442.)

4

## DISPOSITION

We affirm the trial court's denial of Jamaal Lamont Duncan's petition for resentencing under Penal Code section 1170.95.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

EDMON, P. J.

DHANIDINA, J.